IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENEDICT P. MARTORANO, and<br>LAURA LOCH, formerly known as LAURA MARTORANO,<br>on behalf of plaintiffs and a class,<br><br>        Plaintiffs,<br><br>  vs.<br><br>APLINGTON, KAUFMAN, MCCLINTOCK, STEELE & BARRY, LTD.;<br>ROBERT B. STEELE, and<br>COLLECTION PROFESSIONALS, INC.,<br><br>        Defendants. | Case No. 17-cv-5573 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Benedict P. Martorano, and Laura Loch bring this action to secure redress from unlawful collection practices engaged in by defendants Aplington, Kaufman, McClintock, Steele & Barry, Ltd., Robert B. Steele, and Collection Professionals, Inc.

2. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), through (a) the collection of time-barred medical debts and (b) the filing of cases in counties where the consumer sued neither signed the contract sued upon nor resided when the action was filed.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability,

1

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and conduct impacted plaintiffs within this District;

   b. Defendants are located within this District.

10. Defendants communicated false information regarding an alleged debt to plaintiffs and filed a lawsuit on a time-barred debt.

11. Plaintiffs have a congressionally defined right to have any communications regarding an alleged debt be accurate, to not to be sued on a debt not owed, and to be sued in the venue specified in 15 U.S.C. §1692i.

12. Plaintiffs have thus suffered an injury as a result of defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

13. Plaintiff Benedict P. Martorano is a resident of Palatine, Cook County, Illinois.

14. Plaintiff Laura Loch is a resident of Peru, LaSalle County, Illinois.

15. In 2009, plaintiffs were husband and wife and Laura Loch was known as Laura Martorano. They are now divorced.

16. Defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is a law firm organized as a professional corporation, with principal offices at 160 Marquette St., LaSalle, IL 61301.

17. Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

18. Defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., lists practice areas including "collection," and states on a web site (http://akmsb.com/collection/4351444) that "Our firm represents businesses in collection of retail debts, such as medical care providers, credit unions, banks, retail stores and others who offer goods or credit to consumers. We can file suit for you and use the courts to collect your account for you through judgments. . . . We represent banks, credit unions or individuals in filing of foreclosures or replevin actions to recover property or real estate pledged by a mortgage. . . . We represent landlords in collection of rent or handling of evictions. We are a member of the Illinois Creditors Bar Association. We have over 40 years of experience in representing retail and commercial creditors and individuals in Central Illinois."

19. Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is a debt collector as

defined in the FDCPA.

20. Defendant Robert B. Steele is an Illinois attorney and principal of Aplington, Kaufman, McClintock, Steele & Barry, Ltd. He may be found at 160 Marquette St., LaSalle, IL 61301.

21. Defendant Robert B. Steele is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

22. Steele was responsible for the collection activities directed at plaintiffs, including the collection complaint filed against them.

23. Robert B. Steele is a debt collector as defined in the FDCPA.

24. Defendant Collection Professionals, Inc. is an Illinois corporation that operates a collection agency. It has offices in Joliet, LaSalle and Macomb, Illinois. Its registered agent is Scott Edwards, 400 N. Dudley St., Macomb, Illinois 61455.

25. Collection Professionals, Inc. uses the mails and telephone to collect consumer debts owed to others. It often takes assignments of medical debts for collection purposes and files suit in its own name as assignee for collection.

26. Collection Professionals, Inc. holds a collection agency license from the state of Illinois.

27. Collection Professionals, Inc. is a debt collector as defined in the FDCPA.

## FACTS

28. Defendants have been attempting to collect an alleged health care bill from plaintiffs.

29. The original creditor, Perry Memorial Hospital, allegedly treated plaintiffs in 2009.

30. Perry Memorial Hospital is located in Bureau County, Illinois.

31. No payments were made on the debt by either plaintiff since 2009.

32. The alleged bill was assigned for collection purposes by the hospital to

Collection Professionals, Inc.

33. In June 2017, some 7.5 years after the last service or payment, Collection Professionals, Inc., had defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., through defendant Steele, file suit against plaintiffs on the alleged debt in Bureau County, Illinois, Circuit Court.

34. The relationship of Collection Professionals, Inc., with Aplington, Kaufman, McClintock, Steele & Barry, Ltd., is that of principal and agent.

35. Collection Professionals, Inc., regularly has defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., through defendant Steele, as well as through other lawyers, file consumer collection actions on assigned debts in Northern and Central Illinois. Hundreds of such lawsuits are filed each year. For example, during the first half of 2017, Collection Professionals, Inc., filed over 600 collection lawsuits, of which about 150 were filed in Bureau County and over 150 in LaSalle County.

36. Plaintiffs were served with the summons and complaint in Appendix A. The complaint was signed by Steele.

37. Attached as exhibits to the complaint were four consent to treatment forms with dates in April-November 2009. (Appendices B-E) Appendix B is signed by Benedict Martorano, only, and Appendices C-E are signed by Laura Martorano, only.

38. No services were provided pursuant to these forms in years later than 2009.

39. No payments for the services covered by the forms were made during the five years before the filing of the collection lawsuit.

40. The collection complaint sought a single judgment against both defendants for all charges from all of the admissions, regardless of who signed a particular consent to treatment form.

41. The consent to treatment forms are not contracts wholly in writing within the meaning of the Illinois 10-year statute of limitations, 735 ILCS 5/13-206, and the collection

lawsuit was thus governed by the five-year statute, 735 ILCS 5/13-205. *Schmidt v. Neidert*, 45 Ill.App.3d 9, 358 N.E.2d 1305 (3d Dist. 1976).

42. Insofar as the collection complaint sought to impose liability on the consumer who did *not* sign each form, for example based on the liability of a spouse under the Family Expense Act, it cannot be based on a written contract, and is governed by the five-year statute. *Pope v. Kaleta,* 90 Ill.App.2d 61, 234 N.E.2d 109 (1st Dist. 1967).

43. The claims asserted in the collection complaints were time-barred long before the collection action was filed.

44. Plaintiffs incurred damage as a result of the filing, including the payment of appearance and attorney's fees.

45. On information and belief, Collection Professionals, Inc., also dunned plaintiff Benedict Martorano.

46. On information and belief, defendants regularly file collection lawsuits on old medical debts, where the last payment or service was more than 5 years prior to the filing of the lawsuit.

47. On information and belief, defendants regularly bring legal action on debts against consumers in counties other than those in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action.

## COUNT I – FDCPA

48. Plaintiffs incorporate paragraphs 1-47.

49. This claim is against all defendants.

50. Defendants violated 15 U.S.C. §1692e by filing suit on time-barred debts. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

51. Section 1692e provides:

> § 1692e. False or misleading representations [Section 807 of P.L.]

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

52. Plaintiffs bring this claim on behalf of two classes and two subclasses, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53. Class A consists of (a) all individuals in Illinois, (b) against whom Aplington, Kaufman, McClintock, Steele & Barry, Ltd. filed a collection lawsuit (c) on a debt for non-elective health care services (d) where the last service or payment was more than five years prior to the filing of the collection lawsuit (e) which lawsuit was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

54. Subclass A includes class members sued on a contract which they did not sign.

55. Class B consists of (a) all individuals in Illinois, (b) against whom Collection Professionals, Inc., filed a collection lawsuit (c) on a debt for non-elective health care services (d) where the last service or payment was more than five years prior to the filing of the collection lawsuit (e) which lawsuit was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

56. Subclass B includes class members sued on a contract which they did not sign.

57. On information and belief, each class is so numerous that joinder of all members is not practicable.

58. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    whether defendants have a practice of filing collection lawsuits on debts for non-elective health care services where the last service or payment was more than five years prior to the filing of the collection lawsuit,

    b.    whether such lawsuits are time-barred; and

    c.    whether filing the lawsuits violates the FDCPA.

59.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

60.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

61.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

    i.    Statutory damages ($1,000 per plaintiff per alleged debt and the lesser of $500,000 or 1% of defendants' net worth for the class);

    ii.    Actual damages, including appearance fees and attorney's fees incurred in connection with time-barred lawsuits and any amounts paid other than pursuant to a judgment;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

62.    Plaintiffs incorporate paragraphs 1-47.

63. This claim is against all defendants.

64. Defendants violated 15 U.S.C. §1692i by bringing legal actions against consumers on debts in counties other than the one in which such consumer signed the contract sued upon or in which such consumer resides at the commencement of the action.

65. Section 1691i provides:

**Any debt collector who brings any legal action on a debt against any consumer shall–**

> **(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
>> **(A) in which such consumer signed the contract sued upon; or**
>>
>> **(B) in which such consumer resides at the commencement of the action.**

## CLASS ALLEGATIONS

66. Plaintiffs bring this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

67. Class A consists of (a) all individuals in Illinois, (b) against whom Aplington, Kaufman, McClintock, Steele & Barry, Ltd. filed a collection lawsuit (c) not based on a contract signed by the consumer (d) where the lawsuit was filed in a county other than the one in which the consumer resided when the lawsuit was filed (e) which lawsuit was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

68. Class B consists of (a) all individuals in Illinois, (b) against whom Collection Professionals, Inc., filed a collection lawsuit (c) not based on a contract signed by the consumer (d) where the lawsuit was filed in a county other than the one in which the consumer resided when the lawsuit was filed (e) which lawsuit was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

69. On information and belief, each class is so numerous that joinder of all members

is not practicable.

70. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. whether defendants have a practice of filing collection lawsuits on debts not based on a contract signed by the consumer and in a county other than the one in which the consumer resided when the lawsuit was filed;

    b. whether such filings violate 15 U.S.C. §1692i.

71. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

72. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

73. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

    i. Statutory damages ($1,000 per plaintiff per alleged debt and the lesser of $500,000 or 1% of defendants' net worth for the class);

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Francis R. Greene  
Patricia N. Jjemba  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

 Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)